[Cite as *Talani v. Manorcare*, 2013-Ohio-4295.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| MARK H. TALANI, EXECUTOR OF THE ESTATE OF RUTH M. TALANI, DECEASED, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2012-L-142** |
| - vs - | : | |
| | : | |
| MANORCARE, INC., et al., | : | |
| | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 11CV001547.

Judgment: Affirmed.

*Larry S. Klein and Christopher J. Carney,* Klein & Carney Co., L.P.A., 55 Public Square, Suite 1200, Cleveland, OH 44113; and *Tobias J. Hirshman,* McCarthy Lebit Crystal & Liffman Co., L.P.A., 101 West Prospect Avenue, Suite 1800, Cleveland, OH 44115 (For Plaintiff-Appellee).

*Beth A. Nagel* and *Dirk E. Riemenschneider,* Buckingham, Doolittle & Burroughs, LLP, 1375 E. 9th Street, Suite 1700, Cleveland, OH 44114, and *G. Brenda Coey,* Buckingham, Doolittle & Burroughs, LLP, 4518 Fulton Drive, NW, Suite 200, Canton, OH 44718 (For Defendants-Appellants).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Manorcare, Inc., et al., appeal from the judgment of the Lake County Court of Common Pleas denying, in part, their motion for a protective order, entered in the course of discovery, relating employee information contained in

Manorcare's employment files. For the reasons discussed in this opinion, we affirm the trial court's judgment.

{¶2} On June 21, 2011, appellee, Mark Talani, Executor of the Estate of Ruth M. Talani, deceased, commenced a nursing-home negligence and wrongful death action against appellants. Appellee alleged appellants' employees were negligent in transferring the deceased from her bed and, as a result, she suffered injuries that eventually led to her death. Appellants filed an answer denying the allegations.

{¶3} During discovery, appellee requested appellants to produce documents concerning the personnel files of two employees. Appellants objected, arguing the discovery sought privileged information. Appellee moved to compel appellants to respond, asserting the personnel files were necessary to establish his negligent supervision claim. Appellee further requested the trial court to conduct an in-camera inspection of the documents. Appellants opposed appellee's motion, asserting the discovery request was overly broad; appellants also requested the court to inspect the files in camera. The trial court subsequently ordered appellants to produce the documents for the court for in-camera inspection.

{¶4} Prior to the in-camera review, appellants moved the court to enter a protective order on the files. Appellants argued that the files requested included personal and confidential information that was irrelevant to appellee's cause of action. Appellants further argued that appellee failed to identify how the files would likely yield admissible evidence. Thus, they concluded, the request for discovery was a mere "fishing expedition."

**{¶5}** Appellee filed a memorandum in response to appellants' motion for protective order, asserting the discovery was sufficiently tailored to the matters at issue. In particular, appellee asserted the files would yield relevant information regarding the appellant-nursing home's potential negligence regarding employee training and hiring, as well as its potential negligence in its oversight of its employees and its patients.

**{¶6}** Appellants complied with the court's order to produce the files for in-camera inspection. Additionally, appellants appear to have provided the court with "privilege logs" that briefly detailed the general contents of the files and the bases for asserting privilege. The "logs," however, were not filed with the court, and there is no indication they was served on appellee. Thus, the privilege logs were ostensibly submitted ex parte and were not made part of the trial court record.

**{¶7}** After reviewing the files and the privilege logs, the trial court issued its judgment. The court determined that appellants were not required to produce employee social security numbers; employee compensation/benefit information; employee medical information; and, the court determined, appellants were not required to produce any performance evaluations or other similar materials relating to events occurring after the incident that led to the underlying lawsuit. The remaining information in the files, the court determined, was discoverable. The discoverable information included documentation relating to the employees' applications for employment; their references; their licensure; their criminal background review; driver's license information; and educational/training background.

**{¶8}** From this judgment, appellants filed the instant appeal and assign three errors for this court's review. Their first assignment of error provides:

3

{¶9} "R.C. 3721.121(E) provides that criminal background checks are not public records and are available for review under limited circumstances and by a discreet list of individuals. Did the trial court err by ordering discovery of criminal background check reports in a nursing home negligence and wrongful death case?"

{¶10} Appellants, under their first assignment of error, rely solely on their claim that R.C. 3721.121(E) operates to bar discovery of criminal background check reports. Appellee, however, points out that R.C. 3721.121 was not argued as a basis for protecting the files from discovery in any of appellants' pleadings of record. Rather, the only reference to R.C. 3721.121(E) occurs in appellants' privilege logs. According to appellee, however, these logs were produced for the court with the records submitted for in-camera inspection, but were neither served on him nor made part of the record. Hence, appellee asserts the logs were neither made part of the trial court record nor were they included in this court's record via a proper App.R. 9(D) agreed statement. Appellee urges this court to overrule appellants' arguments by operation of the doctrine of waiver.

{¶11} Appellee further contends the logs were improper ex parte communications that deprived him of an opportunity to properly contest appellants' argumentation regarding its claims of privilege, in violation of Civ.R. 26(B)(6)(a) (which specifies that when information subject to discovery is withheld on a claim that it is privileged or subject to protection, the claim shall be made *expressly* and shall be supported by a description of the nature of the documents that is sufficient to enable the demanding party to contest the claim). Given their alleged ex parte nature, appellee further asserts this court should decline to address appellants' arguments because they

4

were advanced in a non-adversarial fashion, which undermined fully informed, judicial decision making. We shall first address appellee's contentions.

{¶12} Generally, when a document is not part of the record, an appellate court may not consider its contents and any argument premised thereon will be waived for purposes of appeal. This principle is based upon the presumption that the trial court has not had an opportunity to pass upon an issue or argument found in a document that has not been properly filed. Here, however, the trial court's judgment reflects the judge considered the privilege logs in rendering its judgment. Notwithstanding the alleged ex parte manner in which the logs were submitted, the record consequently reveals the trial court considered their content. Thus, even though the logs are not part of this court's record, the trial court's judgment indicates it still had an opportunity to pass upon the operation of R.C. 3721.121(E) prior to entering its judgment. We therefore decline to find waiver.

{¶13} Moreover, even assuming the manner in which appellants submitted the logs violated Civ.R. 26(B)(6)(a)'s requirement that all arguments regarding privilege be expressly made so the opposing party may adequately contest the claim, the trial court still ordered appellants to produce the criminal background checks. That is, even though the adversarial process was arguably hamstrung by the purported ex parte nature of the submission, the trial court nevertheless found appellants' arguments unpersuasive. Thus, appellee was not prejudiced by appellants' failure to make their claims of privilege or protection expressly in a manner that that would allow appellee to contest the claims. We shall therefore proceed to consider appellants' argument.

5

{¶14} Generally, a trial court's order concerning discovery is reviewed under an abuse of discretion standard. *Medical Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, ¶13. When, however, the information is confidential and privileged from disclosure, it is a question of law and reviewed de novo. *Id.*

{¶15} R.C. 3721.121 governs criminal records checks for prospective employees providing direct care to older adults. R.C. 3721.121(E) provides:

{¶16} The report of any criminal records check conducted pursuant to a request made under this section is not a public record for the purposes of section 149.43 of the Revised Code and shall not be made available to any person other than the following:

{¶17} (1) The individual who is the subject of the criminal records check or the individual's representative;

{¶18} (2) The chief administrator of the home or program requesting the criminal records check or the administrator's representative;

{¶19} (3) The administrator of any other facility, agency, or program that provides direct care to older adults that is owned or operated by the same entity that owns or operates the home or program;

{¶20} (4) A court, hearing officer, or other necessary individual involved in a case dealing with a denial of employment of the applicant or dealing with employment or unemployment benefits of the applicant;

{¶21} (5) Any person to whom the report is provided pursuant to, and in accordance with, division (I)(1) or (2) of this section;

6

**{¶22}** (6) The board of nursing for purposes of accepting and processing an application for a medication aide certificate issued under Chapter 4723. of the Revised Code.

**{¶23}** Appellants assert that, pursuant to the plain language of the foregoing statutory provision, criminal record checks may be disclosed under only six limited circumstances. Because the statute does not permit disclosure of criminal records checks for discovery in nursing home negligence cases, appellants maintain the doctrine of expression unius est exclusio alterius operates to bar their disclosure under such circumstances. We do not agree.

**{¶24}** Although R.C. 3721.121(E) provides that a limited group of circumstances in which criminal record checks are available to specific persons, the statute also provides additional guidance regarding the impact of criminal records checks in the context of a civil suit commenced as a result of the acts of a nursing home's employee(s). To wit, R.C. 3721.121(H) provides, in relevant part:

**{¶25}** In a tort or other civil action for damages that is brought as the result of an injury, death, or loss to person or property caused by an individual who a home or adult day-care program employs in a position that involves providing direct care to older adults, all of the following shall apply:

**{¶26}** (1) If the home or program employed the individual in good faith and reasonable reliance on the report of a criminal records check requested under this section, the home or program shall not be found negligent solely because of its reliance on the report, even if

7

the information in the report is determined later to have been incomplete or inaccurate;

{¶27} The foregoing statutory provision contemplates that, in the course of a civil suit brought against a defendant-home, the comprehensiveness or accuracy of an employee's criminal background check may be an issue that is probative of liability. The provision further dictates that, where it is probative, a defendant-home cannot be held liable solely because it relied, in good faith, on an inaccurate or incomplete report.

{¶28} Subsection (H), by its plain language, presupposes that, in the course of a civil suit against a defendant-home, the inaccuracy or incompleteness of criminal records checks of employees may be admitted as evidence probative, but not solely dispositive, of liability. Subsection (H) consequently recognizes that, in such an action, individuals other than those listed under subsection (E) would have access to the records to establish the accuracy or completeness of the criminal check when that information might be probative of liability; namely, a plaintiff attempting to establish liability in a tort or other civil action for damages.

{¶29} Related sections of the Revised Code must be construed together, and in cases involving statutory construction, "'our paramount concern is the legislative intent in enacting the statute.'" *State v. Buehler*, 113 Ohio St.3d 114, 2007-Ohio-1246, ¶29, quoting *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, ¶21. *See D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, ¶28-29 (related statutory provisions must be construed in pari materia). We must "'avoid that construction which renders a provision meaningless or inoperative.'"

8

*D.A.B.E., Inc.*, at ¶26, quoting *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373 (1917).

**{¶30}** Interpreting R.C. 3721.121(E) as a complete bar to discovery of criminal records checks in a civil action brought against a defendant-nursing home would, in our estimation, render subsection (H) completely inconsequential. The language of subsection (H) presumes that omissions or errors in a defendant-home's employee-criminal-records checks may, under proper circumstances, be brought to light during litigation. We therefore hold, construing R.C. 3721.121 in pari materia, subsection (E) does not create a statutory privilege for criminal records checks because subsection (H) contemplates the possibility that such records may be introduced to demonstrate their incompleteness or inaccuracy in the course of a tort or other civil action brought against that home.

**{¶31}** Appellants' first assignment of error is without merit.

**{¶32}** For their second assignment of error, appellants assert:

**{¶33}** "Did the trial court err in compelling the production of private medical information contained in employee personnel files?"

**{¶34}** Appellants mistakenly assert the trial court compelled the production of their employees' private medical information contained in the personnel files. The trial court's order, however, specifically provides that the motion for protective order was sustained as to "[employees'] medical information." Indeed, the trial court underscored that compelling the production of such information would be an abuse of discretion. Because appellants apparently misconstrued the order, their assertions lack merit.

**{¶35}** Appellants' second assignment of error is not well taken.

{¶36} Appellants' third assignment of error provides:

{¶37} "Did the trial court abuse its discretion by ordering the discovery of driver's licenses and social security documents contained in employee personnel files?"

{¶38} Even though the trial court ordered production of the documents subject to appellants' third assigned error, appellee, in his appellate brief, states that this documentation was not specifically sought. Appellee therefore maintains that he has no objection to the removal of those items from the personnel file before they are made available. Because appellee's concession removes any controversy for this court to address, appellants' third assignment of error is rendered moot.

{¶39} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is hereby affirmed.

TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.